UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CLEVELAND BANK AND TRUST )
COMPANY, )
 )
    *Plaintiff / Counter-Defendant*, )
v. ) No. 1:01-cv-055
 ) *Edgar*
FRANK MORDA and CAROLINE GIBBONS, )
Executrix for the Estate of Dottie Morda, )
 )
    *Defendants / Counter-Plaintiffs*. )

## **MEMORANDUM AND ORDER**

The Court held a scheduling conference on April 11, 2005, pursuant to FED. R. CIV. P. 16. Attorney Michael E. Richardson appeared at the scheduling conference as counsel for the Bankruptcy Trustee appointed for the bankruptcy estate of Frank Morda. Mr. Richardson advised the Court that he does not represent Carolyn Gibbons, personal representative of the Estate of Dorothy Morda. Carolyn Gibbons did not appear at the scheduling conference on April 11, 2005, either in person or by counsel.

Prior to the April 11, 2005 scheduling conference, it was the Court's understanding that Mr. Richardson would also be acting as counsel for the Estate of Dorothy Morda. In light of this development and Mr. Richardson clarifying that he is not counsel for the Estate of Dorothy Morda, the Court has reconsidered the status of the pending counterclaim by the Estate of Dorothy Morda against the Bank of Cleveland ("Bank"). The counterclaim will be **DISMISSED WITH**

-1-

**PREJUDICE** pursuant to FED. R. CIV. P. 41(b) on the ground of lack of prosecution and FED. R. CIV. P. 16(f) for failure to appear at the scheduling conference on April 11, 2005.

On December 16, 2004, the Bank made a motion pursuant to FED. R. CIV. P. 41(b) to dismiss the counterclaims of Frank Morda and the Estate of Dorothy Morda for lack of prosecution. [Court File No. 97]. The Court ordered Frank Morda and the Estate of Dorothy Morda to show good cause why their counterclaims against the Bank should not be dismissed with prejudice under Rule 41(b) for lack of prosecution. [Court File No. 103].

On February 22, 2005, attorney Richardson filed a response to the show cause order. [Court File No. 105]. The Court construed the response as indicating that attorney Richardson was representing both the Bankruptcy Trustee of the bankruptcy estate of Frank Morda and the Estate of Dorothy Morda, deceased. Accordingly, on March 8, 2005, the Court denied the Bank's motion to dismiss the counterclaims under Rule 41(b). [Court File No. 107]. When the Court entered the order, it incorrectly believed that Carolyn Gibbons had retained Mr. Richardson to represent the Estate of Dorothy Morda and to prosecute the counterclaim.

It is now clear on the record that Mr. Richardson does not represent the Estate of Dorothy Morda. This means that Carolyn Gibbons, personal representative of the Estate of Dorothy Morda, failed to timely respond to the Court's show cause order [Court File No. 103], and Carolyn Gibbons also failed to appear at the scheduling conference on April 11, 2005, either in person or by counsel.

Accordingly, the memorandum opinion and order entered by the Court on March 8, 2005, [Court File No. 107] is hereby **AMENDED AND MODIFIED** as follows. The Bank's motion [Court File No. 97] to dismiss the counterclaim of the Estate of Dorothy Morda against the Bank of

Cleveland is **GRANTED** and said counterclaim is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 41(b) for lack of prosecution.

Furthermore, the counterclaim by the Estate of Dorothy Morda against the Bank of Cleveland is also **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 16(f) for the failure of Carolyn Gibbons, personal representative of the Estate of Dorothy Morda, to appear at the scheduling conference on April 11, 2005.

SO ORDERED.

ENTER this *26th day of April, 2005*.

>             */s/ R. Allan Edgar*
>          R. ALLAN EDGAR
> CHIEF UNITED STATES DISTRICT JUDGE